**Dated: August 12, 2016**

**The following is ORDERED:**





Janice D. Loyd
U.S. Bankruptcy Judge

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 16-10248-JDL |
| KYLE DAVID WORMINGTON, | ) | Ch. 7 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| FRANK BERTONE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ADV. 16-1047-JDL |
| | ) | |
| KYLE DAVID WORMINGTON, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER GRANTING
## MOTION FOR SUMMARY JUDGMENT

Before the Court is the *Plaintiff"'s Motion for Summary Judgment* (the "*Motion*")
[Doc.13], the *Objection to Plaintiff's Motion for Summary Judgment* (the *"Objection"*)

[Doc.17] and the *Plaintiffs' Reply to Defendant's Objection to Plaintiff's Motion for Summary Judgment* [Doc.18]. Plaintiff, Frank Bertone ("Bertone"), seeks a determination that his claim for damages against Kyle David Wormington ("Debtor") arising from Debtor's battery upon him is non-dischargeable pursuant to Bankruptcy Code § 523(a)(6).[1] Bertone asserts that Debtor's criminal conviction for battery in the Illinois state court is entitled to preclusive effect in this adversary proceeding such that any damages arising out of the battery are determined non-dischargeable. Debtor responds that his culpability established by the state court criminal conviction is not entitled to preclusive effect because the conviction does not rise to the "willful and malicious" level required for non-dischargeability under §523(a)(6).

Pursuant to Fed. R. Bankr. P. 7052, the Court makes the following findings of fact and conclusions of law in support of its finding that Bertone's Motion for Summary Judgment be granted, and a judgment will be entered determining that any debt to be liquidated in the Illinois state court action between the parties is non-dischargeable.[2]

## I. Jurisdiction

This Court has subject matter jurisdiction over this adversary proceeding to determine the dischargeability of a debt pursuant to 28 U.S.C. §§157 and 1334 and the general order of reference in this district, Rule 81.4 of the Local Rules for the United States

---

[1] Unless otherwise indicated, the terms "Bankruptcy Code," "Section" and "§" refer to Title 11 of the United States Code. 11 U.S.C. §101 et seq.

[2] *Frank Bertone v. Kyle David Warmington, Circuit Court of Cook County, Illinois County Department-Law Division, Case No. 2015 L010401*. That action has been stayed by operation of the automatic stay under §362(a). Count II of Bertone's adversary *Complaint* seeks a modification of the automatic stay to permit that action to proceed.

District Court for the Western District of Oklahoma. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(I).

## II.  Background

The potential liability at issue in this adversary proceeding arises out of Debtor's criminal conviction/judgment entered by the Circuit Court of Cook County, Illinois, finding Debtor guilty of criminal battery for injuries sustained by Bertone during an altercation between the two men in Chicago early in the morning of New Year's Day, 2014. As a result of the altercation and the Misdemeanor Complaint filed by Bertone, on February 12, 2014, the State commenced a criminal proceeding against Debtor in the Circuit Court of Cook County, Illinois, styled "*The People of the State of Illinois, Plaintiff v. Kyle Wormington, Defendant, Case No. 14119732201*" for the offense of *"Battery - Cause Bodily Harm"* under the provisions of Chapter 720 Illinois Compiled Statutes, Act 5, Subsection 12-3-A-1 (hereinafter referred to as "720 -5/12 -3") which provides as follows:

> §12-3. Battery.
>
> (a) A person commits battery if he or she knowingly without legal justification by any means
>
> (1) causes bodily harm to an individual or . . .
> (2) makes physical contact of an insulting or provoking nature with an individual .

After originally requesting a jury trial, Debtor subsequently waived a jury trial. The trial was conducted before the Court on July 30, 2014, whereupon the Debtor was found guilty of *Battery - Cause Bodily Harm* with the imposition of a one year suspended sentence, court costs assessed in an amount of $265.00 and Debtor ordered to have no further contact with the complaining witness, Bertone.

3

In his *Motion* before the court, Bertone argues that the Illinois state court's determination/conviction of criminal battery preclusively establishes that the State Court Judgment is a debt for willful and malicious injury caused by Debtor that is excepted from discharge pursuant to §523(a)(6). Debtor counters that the State Court's criminal conviction for battery is not entitled to preclusive effect since the conviction did not carry with it the requisite elements under §523(a)(6) that Debtor caused an injury or that he acted with malicious intent.

### III. Summary Judgment Standard

It is appropriate to grant a motion for summary judgment when the pleadings and other materials in the record, together with supporting affidavits, if any, demonstrate that there is no genuine dispute with respect to any material fact and that the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c), made applicable to this adversary proceeding by Fed. R. Bankr. P. 7056. "[A] party seeking summary judgment always bears the initial responsibility of informing the . . . court of the basis for its motion, and . . . [must] demonstrate the absence of a genuine issue of material fact". *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986). Courts must review the evidentiary material submitted in support of the motion for summary judgment to ensure that the motion is supported by evidence. If the evidence submitted in support of the summary judgment motion does not meet the movant's burden, then summary judgment must be denied. Hearsay evidence cannot be considered on a motion for summary judgment. *Wiley v. United States*, 20 F.3d 222, 226 (6th Cir. 1994).

When considering a motion for summary judgment, the court views the record in the light most favorable to the party opposing summary judgment. See, *Deepwater Investments, Ltd. v. Jackson Hole Ski Corp.*, 938 F.2d 1105, 1110 (10th Cir. 1991) (the court "must view the record in a light most favorable to the parties opposing the motion for summary judgment".); *Harris v. Beneficial Oklahoma, Inc. (In re Harris*), 209 B.R. 990, 995 (10th Cir. BAP 1997). Denial of summary judgment requires existence of genuine material issues that "can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party". *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 250, 106 S. Ct. 2505 (1986). No genuine issue of fact exists if a rational fact finder, when viewing the record as a whole, could not find for the party opposing the summary judgment. See *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp*., 475 U.S. 574, 106 S. Ct. 1348 (1986) ("where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial.").

"[T]he non-moving party may not rest on its pleadings but must set forth specific facts showing that there is a genuine issue for trial as to those dispositive matters for which it carries the burden of proof". *Vitkus v. Beatrice Co.*, 11 F.3d 1535, 1539 (10th Cir. 1993). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Margolis v. Ryan*, 140 F.3d 850, 852 (9th Cir.1998). When issue preclusion bars the parties from relitigating material issues, summary judgment may be granted. *Ross v. Alaska,* 189 F.3d 1107, 1113 (9th Cir. 1999).

Local Bankruptcy Rule 7056-1, which tracks Tenth Circuit and Supreme Court law on the issue, governs summary judgment practice in this Court. That Rule provides, in part:

> **C. Response Brief**. * * * The response brief shall begin with a section stating, by paragraph number, each of the movant's facts as to which the non-movant contends a genuine issue exists, and shall refer with particularity to those portions of affidavits, discovery materials, Documents, and other relevant parts of the record before the Court upon which the non-movant relies to dispute the movant's fact. All properly supported material facts set forth in the movant's statement shall be deemed admitted for the purpose of summary judgment unless specifically controverted by a statement of the non-movant that is supported by evidentiary material. If the non-movant contends that other material facts exist which preclude summary judgment, the non-movant shall set forth each such material fact in a separately numbered paragraph and shall refer with particularity to those portions of affidavits, discovery materials, Documents, and other relevant parts of the record before the Court upon which the non-movant relies.
> * * *

Bertone's *Motion* contains 14 material facts which he claims are undisputed. Debtor's *Objection* does not refer with particularity to any portion of the record upon which he relies to show each of Bertone's facts are disputed. As stated above, a party opposing a properly supported motion for summary judgment "may not rest on its pleadings but must set forth specific facts showing that there is a genuine issue for trial . . . . *Muck v. United States*, 3 F.3d 1378, 1380 (10th Cir. 1993). Here, Debtor asserts such unsupported "facts" as "defendant denies he battered Bertone, debtor did not plead guilty and debtor maintains his innocence to any alleged crime to the present time". [Doc. 17, ¶ 1]. These assertions, however, ignore the undisputed fact that after a trial on the merits Debtor was convicted of battery. Similarly, despite the fact that he was convicted of battery "causing bodily

6

injury", Debtor asserts that Bertone did not "suffer any serious injury" since Bertone's own exhibit shows he was treated and released from the hospital *without any extended stay*". [Doc. 17, ¶2]. (Emphasis the Court). Debtor does not cite to any specific portions of the record which would controvert Bertone's facts. In short, a debtor must "do more than simply show that there is some metaphysical doubt as to the material facts". *Matsushita Electric Industrial Co. V. Zenith Radio Corp*. , 475 U.S. 574, 586-87, 106 S. Ct. 1348 (1986).

Debtor's failure to appropriately respond to the summary judgment motion does not mean it must be granted. *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002)("A party's failure to file a response to a summary judgment motion is not, by itself, sufficient basis to enter judgment against the party."). Rather, the Court must "examine the moving party's submission to determine if it has met its initial burden of demonstrating that no material facts remain for trial and the moving party is entitled to judgment as matter of law". See also *United States v. One Piece of Real Property Located at 5800 SW. 74th Ave., Miami, Florida,* 363 F.3d 1099, 1101 (11th Cir. 2004). Accordingly, the Court identifies the following facts that are not subject to material dispute:

1. At approximately 2:00 a.m. on January 1, 2014, at 2226 N. Lincoln Ave., Chicago, Illinois, Bertone and Debtor engaged in a verbal altercation during which Debtor struck Bertone about the face causing redness, swelling, and bleeding. The arresting police officer observed Bertone to be bleeding from his nose, lips and above his eyes. While on foot patrol, the arresting officer observed Debtor on top of Bertone, striking him about the face with a closed fist. Debtor was placed in police custody, and Bertone was

transported to St. Joseph's Hospital for treatment of blunt force trauma injury. [Doc. 13-1, pg. 21-25, Arrest Report].

2.    On January 1, 2014, Bertone executed and caused to be filed a Misdemeanor Complaint in the Circuit Court of Cook County, Illinois, in the case styled "*The People of State of Illinois, Plaintiff v. Wormington, Defendant, Case No. 14119732201*", alleging that Debtor had "committed the offense of Battery - Cause Bodily Harm in that he/she without legal justification, knowingly caused bodily harm to Frank Bertone in that he punched Frank Bertone about the face with a closed fist causing bruising and bleeding in violation of Chapter 720 of the Illinois Compiled Statutes, Act 5.0, Subsection 12-3-A-1." [Doc.13-1, pg. 12, Misdemeanor Complaint].

3.    While originally requesting a jury trial, Debtor through counsel subsequently waived jury trial and submitted the case to be tried by the court. [Doc.13-1. Pg. 9, Jury Waiver].

4.    At the conclusion of the bench trial conducted on July 30, 2014, Debtor was convicted of the offense of Battery-Cause Bodily Harm. [Doc. 13-1, pgs.1-2, Certified Statement of Conviction/Disposition; Doc. 13-1, pgs.4-5, Docket Sheet]. The sentence imposed was a one year suspended sentence, an assessment of court costs of $265.00 and an order that Debtor have no contact with Bertone. [Id.].

5.    On January 29, 2016, the Debtor filed his petition for relief under Chapter 7 of the Bankruptcy Code.

8

### IV. Standards for Dischargeability for Debts Caused by
### Willful and Malicious Injury under §523(a)(6).

Bertone contends that any obligation owed him by the Debtor is non-dischargeable under §523(a)(6) which provides:

> "A discharge under section 727. . . does not discharge an individual debtor from any debt  * * *
>
> (6)    for willful and malicious injury by the debtor to another entity or the  property of another entity."

The creditor has the burden to prove, by a preponderance of the evidence, the elements of a §523(a) claim. *Grogan v. Garner*, 498 U.S. 279, 111 S. Ct. 654, 658 (1991). Section 523(a)(6) requires that the debtor's actions be both willful and malicious. *Panalis v. Moore (In re Moore)*, 357 F.3d 1125, 1129 (10th Cir. 2004) (holding that there must be proof of both a "willful act" and "malicious injury" to establish non-dischargeability under §523(a)(6)).

The United States Supreme Court addressed the willfulness element of a §523(a)(6) claim in *Kawaauhau v. Geiger,* 523 U.S. 57, 118 S. Ct. 974 (1998).  The Court ruled that the word "willful" requires proof of a deliberate or intentional injury, not merely a deliberate or intentional act which results in injury. Id.  The standard is an objective standard, akin to that of an intentional tort.  When injury occurs due to recklessness, or is "neither desired nor in fact anticipated by the debtor," it is not within the scope of §523(a)(6).  A "willful act" is therefore one in which "the debtor must 'desire...[to cause] the consequences of his act or . . . believe [that] the consequences are substantially certain to result from it'".  *Moore*, 357 F.3d at 1129 (quoting *Mitsubishi Motors Credit of America, Inc. v. Longley (In re*

9

*Longley),* 235 B.R. 651, 657 (10th Cir. BAP 1999). However, the Court in *Geiger* did not define malicious conduct. Therefore, the element of malice requires application of Tenth Circuit law.

The Tenth Circuit has held that the proof necessary to establish "malice" is an act that occurs when the debtor intends the resulting injury or takes action that is substantially certain to cause the injury. *Panalis v. Moore*, 357 F.3d at 1129; *Via Christi Regional Medical Ctr. v. Englehart (In re Englehart)*, 2000 WL 1275614 (10th Cir. 2000) ("The 'willful and malicious injury' exception to dischargeability under §523(a)(6) turns on the state of mind of the debtor, who must have wished to cause the injury or at least believed it was substantially certain to occur."). For a debtor's actions to be malicious, they have to be intentional, wrongful, and done without justification or excuse. *Fletcher v. Deerman*, 482 B.R. 344, 370 (Bankr. D. N. M. 2012); *Tso v. Nevarez*, 415 B.R. 540, 544 (Bankr. D. N.M. 2009) ("'Malicious' requires that an intentional act be 'performed without justification or excuse.'"). The "substantially certain" formulation has been adopted in most post–*Geiger* decisions, and is consistent with the *Restatement (Second) of Torts* §8A (1965) definition of "'intent' to denote that the actor desires to cause consequences of his act, or that he believes that the consequences are substantially certain to result from it". *In re Longley,* 235 B.R. 651, 657 (10th Cir. BAP 1999); *In re Moore*, 357 F.3d 1125,1128 (10th Cir. 2004).

### V. The Doctrine of Issue Preclusion

Bertone argues that he is entitled to summary judgment based on principles of issue preclusion.[3] Specifically, Bertone asserts that the Illinois state court criminal

---

[3] The Court will use the terms "claim preclusion" and "issue preclusion," which are less ambiguous than "*res judicata*" and "collateral estoppel,"

conviction/judgment should be given preclusive effect in this Court on the issue of whether Debtor inflicted a willful and malicious injury to Bertone. Bankruptcy courts may use issue preclusion in determining whether a debt is non-dischargeable. See *Grogan v. Garner*, 498 U.S. 279, 111 S. Ct. 654 (1991) (collateral estoppel principles apply in discharge exception proceedings under §523); *Nelson v. Tsamasfyros,* 940 F.2d 605, 606 (10th Cir. 1991). The fact that bankruptcy courts have "exclusive jurisdiction over dischargeability issues does not alter this rule". *Rally Hill Products, Inc. v. Bursack ( In re Bursack)*, 65 F.3d 51, 53 (6th Cir. 1995). "That Congress intended the bankruptcy court to determine the final result – dischargeability or not – does not require a bankruptcy court to redetermine all the underlying facts." *Spilman v. Harley,* 656 F.2d 224, 227 (6th Cir. 1981).

Pursuant to 28 U.S.C. §1738, federal courts must give the same "full faith and credit" to a state court judgment as would be given that judgment under the law of the state in which it is rendered. *Gonzalez v. Hernandez*, 175 F.3d 1202, 1204 (10th Cir. 1999) ("A federal court is required to give a state court judgment the same preclusive effect it would be given under the laws of the state under which it was rendered."); *Strickland v. City of Albuquerque,* 130 F.3d 1408, 1411 (10th Cir. 1997); Cobb *v. Lewis (In re Lewis),* 271 B.R. 877, 883 (10th Cir. BAP 2002), citing *Marrese v. American Academy of Orthopaedic Surgeons,* 470 U.S. 373, 380, 105 Sup. Ct. 1327 (1985)(" It has long been established that §1738 does not allow federal courts to employ their own rules of *res judicata* and determine the effect of state judgments; rather, it goes beyond the common law and commands a federal court to accept the rules chosen by the State in which the judgment is taken."); *Matsushita Electric Industries Co., Ltd. v. Epstein*, 516 U.S. 367, 116 Sup. Ct.

11

873 (1996). Thus, in the present case for the Illinois court judgment to carry preclusive weight in the instant adversary proceeding, it must be entitled to such effect under Illinois preclusionary principles. *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 105 Sup. Ct. A 1327 (1985); *American Nat'l Bank & Trust Co. v. City of Chicago*, 826 F.2d 1547 (7th Cir. 1987).[4]

Under Illinois law, a litigant is estopped from raising an issue in a collateral proceeding if the following four factors are met: (1) the party against whom the estoppel is asserted was a party to the prior adjudication, (2) the issues which form the basis of the estoppel were actually litigated and decided on the merits in the prior suit, (3) the resolution of the particular issue was necessary to the court's judgment, and (4) those issues are identical to issues raised in the subsequent suit. *Wells v. Coker*, 707 F.3d 756, 761 (7th Cir. 2013); *Wozniak v. County Of DuPage*, 845 F.2d 677, 682-83 (7th Cir. 1988).

The first and second elements for issue preclusion are satisfied based on the record in this case and do not require extensive discussion. Debtor was the Defendant in the state criminal case and is the Defendant in this case. In the criminal case Debtor was represented by counsel, and the parties fully litigated the issue of Debtor's tortuous conduct/battery, and at the conclusion of the trial the court entered a conviction on the merits. The real issue before this Court concerns the third and fourth elements of issue preclusion – in particular, whether the issue in this adversary proceeding is identical to the

---

[4] A party relying upon a prior judgment to assert issue preclusion is required to produce the "judgment roll" of the case in which the judgment was entered. See e.g. *Gouskos v. Griffith*, 122 Fed Appx. 965, 974 (10th Cir. 2005). In the present case, Bertone has met that requirement by attaching as exhibits the complete criminal court file accompanied by a *Certification of the Clerk of the Circuit Court of Cook County, Illinois*. [Doc. 13-1,pg.3].

issue of the state criminal action and whether resolution of that issue was necessary to the final judgment entered therein.  In other words, this Court must consider whether the factual findings necessary to sustain criminal conviction for battery are likewise sufficient to sustain a cause of action for willful and malicious injury in this adversary proceeding. "If the same facts or evidence would sustain both, the two actions are considered within the rule that a judgment in the former is a bar to re-litigation in the subsequent action." *Ed Schory & Sons, Inc. v. Francis (In re Francis)*, 226 B.R. 385, 389 (6th Cir. BAP 1998).

In this case, the issues involved in the state criminal action are the same as in this non-dischargeability suit.  As noted above, Section 12-3 of the Illinois Criminal Code under which Debtor was convicted provides:

> §12-3. Battery.
>
> (a) A person commits battery if he or she knowingly without legal justification by any means
>
> (1) causes bodily harm to an individual or . . .
> (2) makes physical contact of an insulting or provoking nature with an individual .

The Illinois Criminal Code defines "knowledge" in Section 4-5:

> "When a defendant acts with knowledge, he acts willfully and with the awareness that his action will, to a high degree of certainty, cause a certain result and he performs the act in the face of that knowledge."

The elements of "knowingly" and "without legal justification" for the conviction of battery under the criminal statutes are the identical elements to except a debt from discharge under §523(a)(6) for "willful and malicious" under *Geiger* and its progeny i.e., (1) a deliberate or intentional injury undertaken without justification or excuse and (2) the

13

actor's actual intent or with substantial certainty that the injury would occur.[5] This is the reason that debts which are based on traditional intentional torts such as assault and battery are generally non-dischargeable under §523(a)(6). See e.g. *In re Price,* 123 B.R. 42, 45 (Bankr. N.D. Ill. 1991); *In re Johnson*, 109 B.R. 885, 891 (Bankr. N.D. Ind. 1989).

In *In re Baker*, 108 B.R. 663, 665 (Bankr. S.D. Ill.1990), the Bankruptcy Court held that a debtor was collaterally estopped from contesting that the judgment debt to the victim of an assault should be excepted from discharge where the debtor had pled guilty to the crime of aggravated battery. Applying the same battery statute as the one in the present case, the court stated as follows:

> "Based on the Debtor's guilty plea to a crime with an element of intent and the state court's finding that he was guilty of an intentional tort, this Court finds that the nondischargeability requirements of Section 523(a)(6) are met. The Debtor willfully and maliciously injured the Plaintiff, and the debt emanating from that injury is declared nondischargeable. The Plaintiff's' motion for summary judgment is granted."

In *In re Pokorny,* 143 B.R. 179 (Bankr. N.D. Ill. 1992), a judgment creditor sought to avoid dischargeability of the judgment she obtained after a Chapter 7 debtor hit her in the face, and the creditor moved for summary judgment. The Bankruptcy Court held that (1) debtor's attack was willful and malicious, even if it was incited by verbal abuse, and (2) debtor was collaterally estopped by the criminal conviction from asserting that attack was not willful and malicious. In finding that the requirements of collateral estoppel had clearly

---

[5] Issue preclusion requires that the burden of proof in the state court proceeding be equal to or greater than the burden of proof of the bankruptcy court. That requirement is met as the burden of proof in this nondischargeability proceeding is by a preponderance of the evidence while in the state criminal proceeding the burden required proof beyond a reasonable doubt.

been satisfied, the court noted that the criminal case verdict had decided the willful and malicious issue. The Court further noted that the debtor in fact did not deny intentionally striking the creditor, but raised only a legally insufficient defense of provocation, a claim that should have been properly raised in the criminal proceeding and not before the bankruptcy court. Likewise, in the present case, this Court assumes that every possible defense to the criminal charge, including those alluded to in Debtor's *Response* of intoxication or self-defense would have, or should have, been asserted.[6] As the level of proof required in this dischargeability action is the much lower preponderance -of -evidence standard, the factual rejection of self-defense in the prior criminal trial supports the application of issue preclusion in this action. Whatever defenses Debtor may have asserted, the criminal court did not find them sufficient to prevent a conviction.

In *In re Nunez*, 95 B.R. 566 (Bankr.N.D. Ill. 1988) the Bankruptcy Court granted summary judgment to a creditor seeking a determination that state court civil judgment for

---

[6] With regard to Debtor raising the issue of self-defense in this case, Bertone responds with the colorful (and applicable) quotation from *Musich v. Graham (In re Graham),* 455 B.R. 227, 231-232 (Bankr. D. Colo. 2011):

> . . . Defendant's claim of self-defense is only of recent vintage and not supported by the exhibits before the Court. The Court concludes that the Defendant's guilty plea to second degree assault as a consequence of waiving the affirmative defense of self-defense. Moreover, regardless of who started the fight, the Defendant did punch the Plaintiff in the face with the intention of striking Plaintiff in the face. To the extent that the Defendant does not understand that a forceful striking of the Plaintiff's face might possibly cause injury to the Plaintiff defies logic, physics and biology."

In his *Objection,* Debtor attempts to distinguish this case in that it involved a guilty plea and not a conviction after trial. Although the law has gone through an evolution, many older cases held that a guilty plea was not entitled to issue preclusion because the issue had not been "actually litigated". *Smith v. Sheahan*, 959 F. Supp. 841 (D.N.D. Ill. 1997). No such argument could be made here as an actual trial took place.

kicking two police officers was non-dischargeable. The debtor had also pled guilty to the offense of battery under Section 12-3(a) of the Illinois Criminal Code. In granting summary judgment to the creditor, the bankruptcy court noted that the battery committed by the debtor was "'essentially wrongful, without just cause, even in the absence of personal hatred, spite or ill will,' and well within the scope of the term 'malice' for Bankruptcy Code §523(a)(6) purposes as the above case law has evolved in this District and Circuit".

What Debtor seeks to do in this case is exactly what the law of issue preclusion is intended to avoid: the duplication and retrial of the same issues between the same parties over the same set of facts. There is no justification for Debtor to get "a second bite at the apple" on the basis, as asserted by Debtor, that "while it is assumed that the Illinois State Court did its best with the matter before it, Defendant maintains his innocence". [*Objection*, Doc. 17, pg.2]. This Court is not a criminal appellate court. This Court has the power to determine whether or not a debt is non-dischargeable, and in doing so is obligated when appropriate to apply the doctrine of issue preclusion to recognize the effect of a valid, final state court judgment.

Based on Debtor's conviction of battery carrying with it an element of intent, this Court finds that the non-dischargeability requirements of §523(a)(6) are met. Debtor willfully and maliciously injured Bertone, and any debt emanating from that injury is declared non-dischargeable. The Court further finds that the automatic stay heretofore imposed by §362(a) is lifted so as to permit Bertone's civil action against Debtor in the Circuit Court of Cook County, Illinois, to proceed. Accordingly, Plaintiff's *Motion for Summary Judgment* is **Granted.**

# # #